UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mike Spalla, d/b/a
Jingle Cats Music,

Plaintiff,

Civ. File No. 01-598 (PAM/RLE)

v.

**ORDER**

Navarre Corporation,

Defendant.

---

This matter is before the Court on Plaintiff's appeal from the Order of Chief Magistrate Judge Jonathan G. Lebedoff dated May 29, 2002. In that Order, Magistrate Judge Lebedoff denied Plaintiff's Motion for leave to amend his Complaint.

The Court must modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b). Plaintiff contends that Magistrate Judge Lebedoff erred in determining that good cause did not exist to allow Plaintiff to amend his Complaint to assert a claim for civil theft and punitive damages.[1]

Magistrate Judge Lebedoff evaluated Plaintiff's Motion using the two-step analysis set forth in In re Milk Products Antitrust Litigation, 195 F.3d 430, 437-38 (8th Cir. 1999). Under that analysis, the Court first determines whether the party seeking amendment has

---

[1] Magistrate Judge Lebedoff also denied Plaintiff's request to amend the Complaint to add a claim for conversion, but Plaintiff does not challenge that portion of the Order.

JUL 0 3 200
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

demonstrated good cause to modify the pretrial schedule and then examines whether justice requires granting the motion to amend. Id. Magistrate Judge Lebedoff found that Plaintiff had not established good cause to modify the schedule. The Court agrees. Although Plaintiff insists that the facts underlying a civil theft claim were not known to him before the depositions conducted at the end of the discovery period, Plaintiff has not explained why he failed to conduct any discovery until after the deadline for amending pleadings had passed. Moreover, the allegations in the Complaint do allege the facts underlying a cause of action for civil theft, namely that Defendant intended to permanently deprive Plaintiff of his property. Thus, Plaintiff could have pled a claim for civil theft within the time allowed by the scheduling order. As Magistrate Judge Lebedoff held, Plaintiff has failed to show good cause for modifying the pretrial schedule, and his Motion must be denied on that basis alone.

Because Plaintiff has failed to establish the good cause required to amend the Complaint to add a civil theft claim, Plaintiff has also necessarily failed to establish the good cause required to add a punitive damages claim based on that civil theft claim.

This Court has carefully reviewed the record in this matter. Based on that review, the Court is satisfied that Magistrate Judge Lebdoff correctly decided the issue before him. The Order is neither clearly erroneous nor contrary to law.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeal (Clerk Doc. No. 24) is **DENIED**; and

2. The Order of Chief Magistrate Judge Jonathan G. Lebedoff dated May 29, 2002 (Clerk Doc. No. 22) is **AFFIRMED**.

Dated: July 3, 2002

Paul A. Magnuson
United States District Court Judge