UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mike Spalla d/b/a
Jingle Cats Music,

Plaintiff,

v.

Navarre Corporation,

Defendant.

Civ. File No. 01-598 (PAM/RLE)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons that follow, the Court grants in part and denies in part Defendant's Motion.

**BACKGROUND**

Plaintiff Mike Spalla made recordings of his cats "singing" Christmas carols and formed a music label, Jingle Cats, to market these recordings. He first entered into an informal distribution agreement with Defendant Navarre Corporation ("Navarre") in late 1997. Under this informal agreement, Navarre purchased product from Spalla and then sold the product to retailers and other distributors. In May 1998, the parties changed and formalized their relationship by signing a Distribution Agreement. This Agreement provided for a "consignment" relationship whereby Spalla would ship product to Navarre but Navarre would not take title to the product. Rather, Navarre would sell what product it could and pass the money (less profits for Navarre) back to Spalla. During both the non-consignment

FILED AUG 21 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

period and the consignment period, Navarre was authorized to accept returns of the product from its retailers and sub-distributors, and to receive credit from Spalla for these returns. Navarre could also return product to Spalla at any time. The terms of the Distribution Agreement provided that Spalla issue a Return Authorization Number within seven days of notice that Navarre had product to return to him. (Tipping Aff. Ex. A ¶ 7.2.) According to Navarre, it could not return any product to Spalla without a Return Authorization Number.

The parties' relationship quickly went south. In late February 1999, Navarre wrote to Spalla and terminated the Agreement, effective June 1, 1999. On May 5, 1999, Navarre provided Spalla with an "Open Aging Report," which is a document that purports to set forth all of the details of the accounts between the parties. Navarre asked Spalla to send any objections to that report within 15 days. The Distribution Agreement provides that Spalla had 90 days in which to object to any account statement. (Tipping Aff. Ex. A ¶ 2.11.) Regardless of the time allotted, however, Spalla failed to object to the information in the May 1999 Open Aging Report. The report indicated that Spalla owed Navarre $69,138.71. Spalla did not forward any payment to Navarre.

For reasons that are not entirely clear, Navarre continued to market and sell Spalla's product after the June 1999 termination date. On October 26, 1999, Navarre wrote to Spalla to demand payment and ask what Navarre should do with Spalla's inventory.[1] Spalla did not

---

[1] Navarre attempts to portray this letter as requesting that Spalla issue a Return Authorization Number for the inventory in Navarre's possession. The Court cannot read the letter so broadly. In total, the letter informs Spalla of his purported debt to Navarre and of the

respond to this letter. In August 2000, Navarre sent Spalla another Open Aging Report reflecting returns and credits through that date. Navarre asked Spalla to forward any objections to that report within 90 days. On October 26, 2000, Spalla's attorney wrote to Navarre disputing the August 2000 Open Aging Report, and demanding an accounting and return of Spalla's product. Two weeks later, Navarre began destroying the product it held in inventory. According to Spalla, in November and December 2000, Navarre destroyed more than $360,000 worth of product. However, Navarre did not notify Spalla that it intended to destroy the product nor did it inform Spalla after the fact that it had destroyed most of its inventory of his product. Spalla did not discover the destruction until March 2002, almost a year after he filed this lawsuit, during the deposition of one of Navarre's employees.

Spalla brought this suit in April 2001. He claims that Navarre breached the Distribution Agreement by failing to correctly account for product returns, by poor accounting and failure to communicate with him, and by failing to return his product to him. He also seeks an accounting and asks for an injunction requiring Navarre to return all of Spalla's product to him and barring Navarre from accepting any further returns of Spalla's

---

number of units of product in Navarre's inventory and asks, "[w]hen can we expect payment and what do I do with the inventory?" (Tipping Aff. Ex. I.) Nowhere does the letter mention the need for Return Authorization Number.

product.[2] Navarre counterclaimed, alleging that Spalla breached the Distribution Agreement by failing to pay the amounts due Navarre within 60 days and by failing to provide Navarre with instructions on handling the product, presumably after the Distribution Agreement was terminated. Navarre also brought a counterclaim for account stated, essentially seeking to bind Spalla to the account statements he received and did not object to.

Navarre now seeks summary judgment on all of Spalla's claims and on both of its counterclaims against Spalla. Spalla opposes the Motion, contending that factual disputes prevent the entry of judgment as a matter of law. However, Spalla offers no legal argument to counter Navarre's Motion.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett,

---

[2] The Complaint contains a fourth Count, failure to pay for goods sold and delivered. Neither party addresses this Count in any way in their papers.

477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

There appears to be no dispute that Minnesota law applies to all of the claims in the case.

**A. Navarre's Counterclaims**

1. Account Stated

Spalla contends that summary judgment is inappropriate on Navarre's account stated counterclaim because Spalla did object to the account statements he received. He asserts that he wrote to Navarre in August and September 1998 and that he called Navarre on other occasions, but that Navarre was unresponsive to his complaints. Notably, however, he does not offer an explanation for his failure to object to the May 1999 Open Aging Report.

"An account stated is a stated sum which the debtor has agreed to be an accurate computation of an amount due the creditor." Joseph V. Edeskuty & Assocs. v. Jacksonville Kraft Paper Co., 702 F. Supp. 741, 748 (D. Minn. 1988) (MacLaughlin, J.) (citing Am. Druggists Ins. v. Thompson Lumber Co., 349 N.W.2d 569, 573 (Minn. Ct. App. 1984),

Restatement of Contracts 2d §§ 282(1)). "[A]n account stated is prima facie evidence of the accuracy and correctness of the items noted thereon and of the liability of the party against whom the balance refers." Erickson v. Gen. United Life Ins. Co, 256 N.W.2d 255, 259 (Minn. 1977). The debtor's acquiescence in the accuracy of the account statement is inferred from his failure to object to the account statement within a reasonable period of time. Joseph V. Edeskuty & Assocs., 702 F. Supp. at 748.

Despite the general rule stated above, under Minnesota law an account stated is not necessarily conclusive evidence of the correctness of the entries in the account statement. Wharton v. Anderson, 9 N.W. 860, 862 (Minn. 1881). However, a party may be estopped from challenging the accuracy of individual account entries if the other party has undertaken some act or refrained from acting to its detriment in reliance on the account statement. Id.

Even if Spalla's early attempts to discuss alleged account discrepancies could be construed as objecting to those account statements, his failure to object to the May 1999 Open Aging Report entitles Navarre to an account stated with respect to the entries in that report. See Joseph V. Edeskuty & Assocs., 702 F. Supp. at 748 (holding that failure to object for more than one year established account stated). However, because Navarre has not offered any evidence that it was prejudiced by Spalla's failure to object, Navarre is only entitled to rely on those entries as prima facie evidence of the debt it claims Spalla owes. In other words, Spalla may challenge the accuracy of the entries in the May 1999 Open Aging Report.

Moreover, because Spalla did object to the August 2000 Open Aging Report, Navarre may not rely on that report as prima facie evidence of the accuracy of the account entries therein. Summary judgment is not appropriate on Navarre's account stated claim.

2. Breach of Contract

Navarre contends that Spalla breached the Distribution Agreement by failing to pay Navarre within 60 days of receiving notice that payment was due and by failing to give Navarre instructions on what to do with the product.

Navarre is entitled to summary judgment on its claim that Spalla breached the Agreement by failing to pay the amount shown as due on the May 1999 Open Aging Report. The Distribution Agreement is clear that, absent objection, the entries in an Open Aging Report become "final and binding" on Spalla. The Agreement further provides that Spalla may not "make any claim against NAVARRE with respect to such statement" absent timely objection. (Tipping Aff. Ex. A ¶ 2.11.) Spalla was obligated to pay any amount due within 60 days. (Id. ¶ 4.5.) Thus, although Spalla may contest Navarre's account stated claim by arguing that the account entries are incorrect, his failure to object to the May 1999 report means that he was bound under the terms of the Agreement to pay the amount shown as due in that report. His failure to do so constitutes a breach of the parties' contract.

Navarre is not entitled to summary judgment as to the difference between the amounts shown as due in the May 1999 report and the amounts due in the August 2000 report. Spalla properly disputed the August 2000 Open Aging Report. Thus, the amounts in that report did

not become "final" and summary judgment is not proper as to that report.

Further, Navarre has not shown the absence of material factual issues as to its claim that Spalla breached the Agreement by failing to provide Navarre with instructions on returning the product. Spalla insists that he repeatedly asked Navarre to return the product to him. Navarre asserts that it could not return any product without a Return Authorization Number, but Navarre never requested such a number from Spalla. Moreover, the parties' course of dealing as to Return Authorization Numbers is in dispute. Summary judgment is not appropriate.

**B. Spalla's Claims**

1. Breach of Contract

Spalla claims that Navarre breached the Distribution Agreement by failing to satisfy its payment obligations (Compl. ¶ 46), failing to satisfy its accounting obligations (id. ¶ 47), and failing to return inventory. (Id. ¶ 48.) In his memorandum, Spalla for the first time mentions Navarre's alleged failure communicate with him as a basis for the breach of contract claim. He does not, however, specify the provision of the Distribution Agreement that allegedly requires Navarre to communicate with him, and this claim appears to have no support in the Agreement.

As noted above, genuine issues of fact exist as to the parties' dispute over who owes what to whom. Although the Distribution Agreement provides that Spalla's failure to object to the May 1999 Open Aging Report makes that report final and binding (Tipping Aff. Ex.

A ¶ 2.11), Spalla may challenge the accuracy of the entries in that report by arguing that Navarre's accounting practices with respect to that report violated the Distribution Agreement. Summary judgment is not appropriate on this portion of Spalla's breach of contract claim.

Neither is summary judgment appropriate as to Spalla's claim of breach for failure to return unsold product. The Distribution Agreement provides that, within 180 days of termination of the Agreement, Navarre must: (1) return unsold product to Spalla; (2) return to Spalla product returned to Navarre after the termination date; or (3) keep the unsold product and pay Spalla for that product. (Tipping Aff. Ex. A ¶ 11.6.) Since termination, Navarre has not returned any unsold product to Spalla.

According to Navarre, the value of the unsold product is less than what Spalla owes Navarre. Thus, Navarre claims that it had the right to destroy the product rather than return it. The Agreement gives Navarre the right to liquidate the inventory if Spalla does not pay a debit balance. (Id. ¶ 4.5.) However, the clear implication of this provision is that Navarre will credit Spalla for the value of the liquidated product, which Spalla alleges Navarre has not done. Moreover, paragraph 11.6 of the Distribution Agreement requires Navarre to return all product to Spalla if Navarre and Spalla cannot agree on the value of the unsold product. (Id. ¶ 11.6(c).) Spalla and Navarre have never agreed on the value of the product. At a minimum, there are factual disputes about the value of the product and what should have been credited to Spalla, and about whether Navarre was within its contractual rights to

destroy the product rather than return it to Spalla. Navarre is not entitled to summary judgment on Spalla's breach of contract claim.

2. Accounting

Spalla seeks an accounting of the parties' entire business relationship. Navarre contends that Spalla may not maintain an action for an accounting because the terms of the Distribution Agreement provide that Spalla may only get an accounting if he pays the costs of such accounting. (Tipping Aff. Ex. A ¶ 2.12.) Spalla does not respond to this argument, and it is not clear why he has not taken advantage of his right to an accounting under the Distribution Agreement. Because the terms of the parties' contract unambiguously give Spalla the right to an accounting only if he pays the costs, he is not entitled to an order for an accounting from this Court. This claim is dismissed.

3. Injunction

Navarre is also entitled to summary judgment on Spalla's claim for injunctive relief. Spalla does not counter Navarre's claim that all of Spalla's alleged damages are compensable with money damages. Moreover, Spalla does not argue that he is suffering or will suffer irreparable harm absent the injunction he seeks. The claim for injunctive relief is dismissed.

**CONCLUSION**

Navarre is entitled to summary judgment on the portion of its breach of contract counterclaim that concerns Spalla's obligation to pay the amount shown as due in the May 1999 Open Aging Report. Navarre is also entitled to summary judgment on Spalla's claim

for an accounting and for an injunction. However, material factual disputes preclude summary judgment on the remainder of Navarre's claims and on Spalla's counterclaims.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Clerk Doc. No. 28) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

Dated: August 20, 2002

Paul A. Magnuson
United States District Court Judge